1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | | |
|---|---|---|
| DAVID TRUTH KING, | ) | Case No. CV 16-3031-BRO (JEM) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | DISMISSING COMPLAINT WITH LEAVE |
| | ) | TO AMEND |
| DAVID HIRSH, et al, | ) | |
| Defendants. | ) | |

17
18
19
20
21
22
23
24
25
26
27
28

David Truth King ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

## SCREENING STANDARDS

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on

1    which relief may be granted, allegations of material fact are taken as true and construed in

2    the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir.

3    1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual

4    allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of

5    a civil rights complaint may not supply essential elements of the claim that were not initially

6    pled.'"  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

7         Although a complaint "does not need detailed factual allegations" to survive

8    dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic

9    recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly,

10   550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in

11   Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations

12   sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely

13   possible or conceivable.  Id. at 557, 570.

14        Simply put, the complaint must contain "enough facts to state a claim to relief that is

15   plausible on its face." Twombly, 550 U.S. at 570.  A claim has facial plausibility when the

16   complaint presents enough facts "to draw the reasonable inference that the defendant is

17   liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability

18   requirement, but "it asks for more than a sheer possibility that a defendant has acted

19   unlawfully." Id.  A complaint that pleads facts that are merely consistent with liability stops

20   short of the line between possibility and plausibility.  Id.

21        In a pro se civil rights case, the complaint must be construed liberally to afford

22   plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,

23   623 (9th Cir. 1988).  Unless it is clear that the deficiencies in a complaint cannot be cured,

24   pro se litigants are generally entitled to a notice of a complaint's deficiencies and an

25   opportunity to amend prior to the dismissal of an action.  Id. at 623.  Only if it is absolutely

26   clear that the deficiencies cannot be cured by amendment should the complaint be

27   dismissed without leave to amend.  Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir.

28   2007).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

### ALLEGATIONS OF THE COMPLAINT

The Complaint is largely unintelligible, but it appears that Plaintiff is suing various police officers, sheriff's deputies, judges, deputy district attorneys, and jail medical personnel.

Plaintiff alleges that the police officer, sheriff's deputy, judge, and deputy district attorney defendants committed various misdeeds against Plaintiff, including stalking, racial profiling, tampering with evidence, false arrest, false imprisonment, attempted murder, battery, harassment, discrimination, and tampering with evidence.

Plaintiff further alleges that the jail medical personnel refused to provide Plaintiff with a high protein diet, which caused Plaintiff to lose 70 pounds in four months, and Dr. Wong refused to remove Plaintiff's cast and left an unnecessary pin in Plaintiff's right wrist.

In October 2015, Plaintiff was charged in Ventura County Superior Court with one count of resisting an executive officer in violation of Cal. Penal Code § 69.  It was further alleged that Plaintiff had a prior serious or violent felony conviction within the meaning of Cal. Penal Code § 1170(h)(3).  The altercation that gave rise to the criminal charge took place in the Ventura County Jail.

### DISCUSSION

**I.** **PLAINTIFF HAS FAILED TO COMPLY WITH RULE 8**

Federal Rule of Civil Procedure 8(a) states:

A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

1  Id.  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2  exceptions."  Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002).  "Each averment of a

3  pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e).

4        Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiff

5  nonetheless must allege a minimum factual and legal basis for each claim that is sufficient

6  to give each defendant fair notice of what plaintiff's claims are and the grounds upon which

7  they rest.  Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).

8  Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a

9  complaint that applies even if the claims in a complaint are not found to be wholly without

10  merit.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); see also Nevijel v. North

11  Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981).

12        Here, the Complaint does not contain a short and plain statement of Plaintiff's claims

13  sufficient to provide each defendant with notice of their allegedly wrongful acts.  See, e.g.,

14  Brazil, 66 F.3d at 199.  Plaintiff has not clearly identified the particular affirmative acts or

15  omissions perpetrated by each individual defendant that caused the deprivation of

16  constitutional rights of which plaintiff complains.  Plaintiff's allegations are vague,

17  conclusory, often unintelligible, and lack sufficient particularity to put each individual on

18  notice of the claims against him.

19        Accordingly, the Complaint must be dismissed with leave to amend for failure to state

20  a claim.  If Plaintiff elects to file an amended complaint, he must state specific facts

21  demonstrating how each defendant violated his federal constitutional rights.  General

22  conclusory statements are not sufficient.

23  **II.**  **JUDGES HIRSH, WRIGHT, AND YOUNG ARE ENTITLED TO**

24        **JUDICIAL IMMUNITY**

25        Plaintiff has named Ventura County Superior Court Judges Hirsh, Wright, and Young

26  as defendants.  Plaintiff alleges that these judges engaged in "corruption, racial profiling,

27  false arrest/imprisonment, harassment, tampering with evidence, perversion of justice,

28

1   unconstitutional acts by federal officials."  It appears that any claims against these judges

2   arises from the criminal proceedings against Plaintiff.

3        It is well established that "[j]udges are absolutely immune from civil liability for

4   damages for their judicial acts."  Mullis v. U.S. Bankr. Court, 828 F.2d 1385, 1388 (9th Cir.

5   1987); see also Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349,

6   355-56 (1978).  "Disagreement with the action taken by the judge . . . does not justify

7   depriving that judge of his immunity.  Despite the unfairness to litigants that sometimes

8   results, the doctrine of judicial immunity is thought to be in the best interests of the proper

9   administration of justice . . . ."  Id. at 363.

10       The policy of extending judicial immunity ensures independent and disinterested

11  decisionmaking and the availability of the immunity is broadly construed.  See id. at 1105;

12  see also Bradley v. Fisher, 80 U.S. 335, 347 (1871).  This absolute immunity insulates

13  judges even when a plaintiff alleges the judge's acts are due to malicious or corrupt motives

14  or when "the exercise of judicial authority is 'flawed by the commission of grave procedural

15  errors.'"  In re Castillo, 297 F.3d 940, 946 (9th Cir. 2002) (quoting Stump, 435 U.S. at 359).

16  Judicial immunity applies "'however erroneous the act may have been, and however

17  injurious in its consequences it may have proved to the plaintiff.'"  Ashelman v. Pope, 793

18  F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200

19  (1985)).  Allegations of conspiracy with other parties cannot overcome a claim of judicial

20  immunity.  Ashelman, 793 F.2d at 1078.

21       Judicial immunity "is overcome in only two sets of circumstances.  First, a judge is

22  not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial

23  capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the

24  complete absence of all jurisdiction."  Mireles, 502 U.S. at 11-12 (internal citations omitted).

25       Plaintiff's claims against these judges appear to be based solely on their judicial acts

26  in the criminal proceedings.  Moreover, it appears that the judges had jurisdiction to preside

27  over those proceedings.  Accordingly, Defendants Hirsh, Wright, and Young are entitled to

28  absolute judicial immunity.

5

1    **III.    DEFENDANTS ROTH, HELLER, KARR, AND C. LEE ARE**

2    **ENTITLED TO PROSECUTORIAL IMMUNITY**

3        Plaintiff has sued Deputy District Attorneys Roth, Heller, Karr, and C. Lee.  He

4    contends that these defendants subjected him to false arrest and false imprisonment, and

5    engaged in racial profiling, harassment, and tampering with evidence.  Although Plaintiff

6    pleads very few facts, it appears that his claims against these deputy district attorneys arise

7    from the prosecution of Plaintiff on criminal charges.

8        Prosecutors are absolutely immune from liability for damages for initiating a

9    prosecution and presenting the government's case.  Imbler v. Pachtman, 424 U.S. 409,

10   410, 430-31 (1976); see also Botello v. Gammick, 413 F.3d 971, 976 (9th Cir. 2005) (it is

11   "well established that a prosecutor has absolute immunity for the decision to prosecute a

12   particular case").  This absolute immunity extends to all conduct "intimately associated" with

13   the judicial phase of the criminal process.  Imbler, 424 U.S. at 416, 431 (prosecutors were

14   immune from claims that they knowingly used false testimony at trial, deliberately

15   suppressed exculpatory evidence, and prosecuted defendant with knowledge that he had

16   been "cleared" by a lie detector test); Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)

17   (prosecutors were immune from claims that they conspired to manufacture false evidence);

18   Burns v. Reed, 500 U.S. 478, 492 (1991) (prosecutor's appearance in court in support of

19   application for a search warrant was protected by absolute immunity).  However,

20   prosecutorial immunity rests on "the nature of the function performed, not the identity of the

21   actor who performed it," and does not shield a prosecutor who steps outside the advocate's

22   role.  Kalina v. Fletcher, 522 U.S. 118, 127 (1997).

23       It appears that Plaintiff has sued Roth, Heller, Karr, and Lee based solely on their

24   roles in his prosecution.  There is nothing in the Complaint suggesting any action by these

25   defendants outside the scope of traditional prosecutorial functions. See Van de Kamp v.

26   Goldstein, 555 U.S. 335, 343 (2009) (giving examples of absolute immunity, including when

27   a prosecutor prepares to initiate a judicial proceeding); Imbler, 424 U.S. at 431 n.34

28   (prosecutorial immunity encompasses "the deliberate withholding of exculpatory

1  information"); Broam v. Bogan, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (a prosecutor is
2  absolutely immune from liability for failing to investigate accusations before filing charges
3  and for knowing use of false testimony at trial).

4        Accordingly, Plaintiff's claims against Defendants Roth, Heller, Karr, and C. Lee must
5  be dismissed.

6  **IV.   PLAINTIFF FAILS TO STATE A CLAIM FOR EXCESSIVE FORCE**

7        The Eighth Amendment prohibits the imposition of cruel and unusual punishments
8  and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and
9  decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976) (internal quotations and citation
10  omitted).  A prison official violates the Eighth Amendment only when two requirements are
11  met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the
12  subjective requirement that the prison official has a sufficiently culpable state of mind.
13  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298
14  (1991)).

15        The objective requirement that the deprivation be "sufficiently serious" is met where
16  the prison official's act or omission results in the denial of "the minimal civilized measure of
17  life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The
18  subjective requirement that the prison official has a "sufficiently culpable state of mind" is
19  met where the prison official acts with "deliberate indifference" to inmate health or safety.
20  Id. (quoting Wilson, 501 U.S. at 302-303).  However, where prison officials have acted in
21  response to an immediate disciplinary need, because of the risk of injury to inmates and
22  prison employees and because prison officials will not have time to reflect on the nature of
23  their actions, the "malicious and sadistic" standard, as opposed to the "deliberate
24  indifference" standard, applies.  See Whitley v. Albers, 475 U.S. 312, 320-21 (1986);
25  Clement v. Gomez, 298 F.3d 898, 903-04 (9th Cir. 2002); Jordan v. Gardner, 986 F.2d
26  1521, 1528 (9th Cir. 1993) (en banc); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986).
27       "[W]henever prison officials stand accused of excessive physical force in violation of
28  the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a

1  good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause

2  harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  When determining whether the force

3  is excessive, the court should look to the "extent of injury . . . , the need for application of

4  force, the relationship between that need and the amount off force used, the threat

5  'reasonably perceived by the responsible officials,' and 'any efforts made to temper the

6  severity of a forceful response.'" Id. at 7 (quoting Whitley, 475 U.S. at 321).  Although the

7  Supreme Court has never required a showing that an emergency situation existed, "the

8  absence of an emergency may be probative of whether the force was indeed inflicted

9  maliciously or sadistically." Jordan, 986 F.2d at 1528 n. 7.  Moreover, there is no need for a

10  showing of a serious injury as a result of the force, but the lack of such an injury is relevant

11  to the inquiry.  See Hudson, 503 U.S. at 7-9; Martinez v. Stanford, 323 F.3d 1178, 1184

12  (9th Cir. 2003); Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000).

13        "Injury and force, however, are only imperfectly correlated, and it is the latter that

14  ultimately counts.  An inmate who is gratuitously beaten by guards does not lose his ability

15  to pursue an excessive force claim merely because he has the good fortune of escaping

16  without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).  This does not suggest

17  that "every malevolent touch by a prison guard gives rise to a federal cause of action.  The

18  Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes

19  from constitutional recognition de minimis uses of physical force, provided that the use of

20  force is not of a sort repugnant to the conscience of mankind.  An inmate who complains of

21  a 'push or shove' that causes no discernible injury almost certainly fails to state a valid

22  excessive force claim." Id. at 37-38 (internal quotations and citations omitted).

23        Here, Plaintiff vaguely alleges that he was beaten in Ventura County Jail.  He pleads

24  no details regarding this beating.  Accordingly, Plaintiff has failed to state a claim for

25  excessive force.  If Plaintiff chooses to file an amended complaint, he must clearly set forth

26  factual details regarding the alleged use of excessive force.  He must also clearly state facts

27  regarding which defendants engaged in which acts.

28

1
2
## V.     PLAINTIFF FAILS TO STATE A CLAIM FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

3   A prisoner's claim of inadequate medical care does not constitute cruel and unusual
4   punishment unless the mistreatment rises to the level of "deliberate indifference to serious
5   medical needs." Estelle, 429 U.S. at 106.  The "deliberate indifference" standard involves
6   an objective and a subjective component.  First, the alleged deprivation must be, in
7   objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing
8   Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a
9   "sufficiently culpable state of mind," which entails more than mere negligence, but less than
10   conduct undertaken for the very purpose of causing harm.  Farmer, 511 U.S. at 837.  A
11   prison official does not act in a deliberately indifferent manner unless the official "knows of
12   and disregards an excessive risk to inmate health or safety."  Id.

13   In applying this standard, the Ninth Circuit has held that, before it can be said that a
14   prisoner's civil rights have been abridged, "the indifference to his medical needs must be
15   substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
16   cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)
17   (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in
18   diagnosing or treating a medical condition does not state a valid claim of medical
19   mistreatment under the Eighth Amendment.  Medical malpractice does not become a
20   constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106;
21   see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).  Even gross
22   negligence is insufficient to establish deliberate indifference to serious medical needs.  See
23   Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere
24   disagreement with diagnosis or treatment does not support a claim of deliberate
25   indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

26   Delay of, or interference with, medical treatment also can amount to deliberate
27   indifference.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Clement v.
28   Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir.

2002).  Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury.  See Hallett, 296 F.3d at 745-46; Shapley v. Nev. Bd. of State Prison Commis., 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Here, Plaintiff alleges that Dr. Adler and Dr. Hoffman failed to provide Plaintiff with a high protein diet, which caused him to lose 70 pounds.  However, this claim appears to be refuted by the medical records.  Plaintiff further alleges that Dr. Wong refused to remove his cast, which Plaintiff removed himself, and left a pin in Plaintiff's right wrist.  These factual allegations are insufficient to establish deliberate indifference to serious medical needs. Plaintiff has failed to plead facts demonstrating that his claims are more than mere disagreements with his diagnosis or treatment or that delay in treatment caused him further harm.

Thus, Plaintiff's claims for deliberate indifference to serious medical needs must be dismissed with leave to amend.

## VI.   PLAINTIFF FAILS TO STATE A CLAIM FOR FALSE ARREST
##        OR FALSE IMPRISONMENT

"To prevail on his § 1983 claim for false arrest and imprisonment, [Plaintiff] would have to demonstrate that there was no probable cause to arrest him."  Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998).  Here, Plaintiff has failed to allege any facts demonstrating that he was arrested without probable cause.  Accordingly, Plaintiff has failed to state a claim for false arrest or false imprisonment.

## VII.  PLAINTIFF'S CLAIMS MAY BE BARRED BY HECK

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that if a judgment in favor of a plaintiff on his civil rights claim necessarily will imply the invalidity of his conviction or sentence, the claim must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated.  Id. at 486-87; see also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (clarifying that the Heck rule applies regardless of the form of remedy sought); Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir.

1  2006) (Heck barred plaintiff's civil rights claims alleging wrongful arrest, malicious
2  prosecution and conspiracy among police officers to bring false charges against him);
3  Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred
4  plaintiff's civil rights claims for false arrest and false imprisonment until conviction was
5  invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's
6  civil rights claims alleging that defendants lacked probable cause to arrest him and brought
7  unfounded criminal charges against him).  The Heck rule also prevents a person from
8  bringing a claim that, even if it does not directly challenge the conviction, would imply that
9  the conviction was invalid.  Thus, the Heck rule applies to Fourth Amendment claims based
10 on allegations of unlawful search and seizure of property.  See Whitaker v. Garcetti, 486
11 F.3d 572, 583-84 (9th Cir. 2007) (Heck bars a plaintiff's claims challenging the search and
12 seizure of evidence upon which his criminal charges and convictions were based); Harvey
13 v. Waldron, 210 F.3d 1008, 1015 (9th Cir. 2000) (same).

14       Here, Plaintiff generally alleges that defendants falsely arrested and imprisoned him.
15 It appears that Plaintiff was charged with resisting an executive officer.  It is not clear
16 whether Plaintiff was convicted of that charge.  If he was, and the allegedly false arrest and
17 imprisonment arose from that charge, then his claims for false arrest and imprisonment
18 would be barred by Heck because a judgment in Plaintiff's favor on these claims
19 necessarily would imply the invalidity of his conviction.

20       Because it is not completely clear that amendment would be futile, the Complaint is
21 dismissed with leave to amend in order to allow Plaintiff an opportunity to amend his
22 pleadings to state a valid claim.  In order to do so, Plaintiff must allege additional facts
23 demonstrating that his claims are not barred by Heck.

24                                          *********

25       To the extent that Plaintiff is attempting to bring any claims other than those outlined
26 above, those claims are entirely unintelligible and must be pleaded more clearly if Plaintiff
27 chooses to file an amended complaint.

28

**ORDER**

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document.  The Clerk is directed to provide plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**


DATED: June 13, 2016                          _/s/ John E. McDermott_
                                                         JOHN E. MCDERMOTT
                                                         UNITED STATES MAGISTRATE JUDGE